23-6255(L)
*United States v. Heyward*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-five.

Present:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

       *Appellee*,

    v.                                 23-6255(L), 24-1060(CON)

COREY HEYWARD,

       *Defendant-Appellant.*\*

---

FOR DEFENDANT-APPELLANT:      John S. Wallenstein, Law Office of John S. Wallenstein, Garden City, NY.

FOR APPELLEE:      Dina McLeod, David Abramowicz, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Corey Heyward originally received an aggregate prison term of 240 months for offenses related to his involvement with the 18 Park street gang. This Court then vacated his firearms conviction under 18 U.S.C. § 924(c) in light of *United States v. Davis*, 588 U.S. 445 (2019). *See United States v. Heyward*, 3 F.4th 75, 86 (2d Cir. 2021). On remand, the district court resentenced Heyward to 192 months of imprisonment and a five-year term of supervised release. On appeal, Heyward challenges his sentence as substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the substantive reasonableness of a district court's sentence under a deferential abuse-of-discretion standard." *United States v. Gates*, 84 F.4th 496, 504-05 (2d Cir. 2023) (quotation marks omitted). "A sentence is substantively unreasonable when it cannot be located within the range of permissible decisions, because it is shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Osuba*, 67 F.4th 56, 68 (2d Cir. 2023) (quotation marks omitted). We "vacate a sentence for substantive unreasonableness only in exceptional cases." *United States v. Davis*, 82 F.4th 190, 200 (2d Cir. 2023) (quotation marks omitted).

Despite receiving a four-year sentence reduction, Heyward argues that his sentence "was still excessive under all of the circumstances, and therefore substantively unreasonable." Appellant's Br. at 12. We disagree. As detailed by the district court, Heyward was "a significant contributor to a toxic gang that dominated and terrorized a housing complex." App'x at 103. He "fir[ed] a gun in a parking lot at the housing complex," "sho[t] at members of a rival gang," "facilitat[ed] an assault" on a gang member who Heyward "felt was cooperating" with law enforcement, and shot a fellow 18 Park member. *Id*. He "suppl[ied] guns to other 18 Park members, which were then used to shoot at rivals." *Id*. He "participated" in "narcotics trafficking." *Id*. He blocked the door of a stash house—filled with "crack and heroin, not to mention guns and ammunition"—during a raid in order "to delay the police entry." *Id*. And at trial, he "knowingly lied on the witness stand." *Id*. at 86.

Still, Heyward argues that evidence of his "post-judgment activities, his changed attitude towards life, and his expression of remorse are relevant to the court's assessment." Appellant's Br. at 11. That is true—and the district court accounted for those factors. Noting the "truly uncommonly large number of classes" that Heyward completed, the degree that Heyward obtained, and the fact that "COVID-19 made prison conditions more onerous," the district court reduced Heyward's original sentence by four years. App'x at 105-06. But as the district court explained, a further reduction "would not fairly reflect the exceptional seriousness and repeated violence of the offense here which involved gunfire, guns, a violent gang, and drugs, and ultimately lying on the witness stand." *Id*. at 108.

"In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Gates*,

3

84 F.4th at 505 (quotation marks omitted).    This case lies among that majority.    The district court had "very wide latitude to decide the proper degree of punishment," and we find no abuse of discretion in its sentence.    *United States v. DiMassa*, 117 F.4th 477, 482 (2d Cir. 2024) (quotation marks omitted).

\*        \*        \*

We have considered Heyward's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4